## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**BOYD M. BEECHER**                                                                       **PLAINTIFF**

**V.**                          **CASE NO.: 4:10CV00226 BD**

**MICHAEL J. ASTRUE, Commissioner,**
**Social Security Administration**                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff Boyd M. Beecher appeals the final decision of the Commissioner of the

Social Security Administration (the "Commissioner") denying his claim for Disability

Insurance benefits ("DIB") under Title II of the Social Security Act (the "Act").  For

reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.     Procedural History:**

On May 14, 2007, Mr. Beecher protectively filed for DIB benefits claiming

disability due to back, shoulder, neck, wrist, and knee problems.  (Tr. 47, 88)  Mr.

Beecher claims an onset date of August 16, 2006, and he meets the insured status

requirements through December 31, 2011.  (Tr. 7, 86, 88)

Mr. Beecher's claim was denied initially and upon reconsideration.  (Tr. 40-41)  At

his request, an Administrative Law Judge ("ALJ")[1] held a hearing on May 20, 2009, at

---

[1]The Honorable Lesly W. Mattingly.

1

which Mr. Beecher appeared with his attorney and testified.  (Tr. 19-39)  A vocational

expert also testified at the hearing.  (Tr. 37-38)

The ALJ issued a decision on August 27, 2009, finding that Mr. Beecher was not

disabled for purposes of the Act.  (Tr. 7-16)  On March 17, 2010, the Appeals Council

denied his request for review, making the ALJ's decision the Commissioner's final

decision.  (Tr. 1-3)

## II.   **Background**:

Mr. Beecher was thirty-five years old at the time of the hearing.  (Tr. 24)  He had

an eleventh-grade education taking regular courses and passed the General Educational

Development test.  (Tr. 25)  He can read, write, and do basic math.  (Tr. 25)  He had past

relevant work as a factory line worker and farm laborer.  (Tr. 38)  At the time of the

hearing, Mr. Beecher was living with his wife.  (Tr. 35)

## III.   **Decision of the Administrative Law Judge**:

The ALJ followed the required five-step sequence to determine: (1) whether the

claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a

severe impairment; (3) if so, whether the impairment (or combination of impairments)

met or equaled a listed impairment; (4) if not, whether the impairment (or combination of

impairments) prevented the claimant from performing past relevant work[2]; and (5) if so,

---

[2] If the claimant has sufficient residual functional capacity to perform past relevant
work, the inquiry ends and benefits are denied.  20 C.F.R. § 404.1520(a)(4)(iv).

whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. § 404.1520(a)-(g).

The ALJ found that Mr. Beecher had not engaged in substantial gainful activity since August 16, 2006, his alleged onset date.  (Tr. 9)  He found that Mr. Beecher had the following severe impairments: degenerative disc disease, fibromyalgia, depression, and right knee pain post-surgery.  (Tr. 9)  He found that Mr. Beecher did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).  (Tr. 11)

The ALJ determined Mr. Beecher had the residual functional capacity to perform unskilled, sedentary work and defined unskilled work as, "simple work where interpersonal contact is incidental to the work performed; the complexity of one to two step tasks is learned and performed by rote, with few variables and little judgment; and the supervision required is simple." (Tr. 13)  He found that Mr. Beecher could not return to his past relevant work.  (Tr. 15)  He concluded a finding of "not disabled" was directed by Medical-Vocational Rule 201.28 and Social Security Ruling 83-15.  (Tr. 15-16)

IV.   **Analysis**:

    A.   *Standard of Review*

    In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the administrative record to support the decision.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); 42 U.S.C. § 405(g).  "Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion." *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007).

    In reviewing the record as a whole, the Court must consider both the evidence that detracts from the Commissioner's decision and the evidence that supports the decision; but the decision cannot be reversed, "simply because some evidence may support the opposite conclusion."  *Medhaug v. Astrue*, 578 F.3d 805, 813 (8th Cir. 2009)(quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

    B.   *Residual Functional Capacity*

    Mr. Beecher claims the ALJ erred by making conclusory statements, rather than "the required specific findings" as to his residual functional capacity ("RFC"), and he asks the court to remand the case for a "more specific finding, using all of the evidence available." (#10 at p.8)

    The case cited by Mr. Beecher to support his argument, *Pfitzner v. Apfel*, 169 F.3d 566, 569 (8th Cir. 1999), stands for a different proposition.  In *Pfitzner*, the Court stated that at *step four* an ALJ must make specific findings as to a claimant's ability to perform

his *past work*.  In this case at step four, the ALJ found that Mr. Beecher could not perform his past relevant work.  Consequently, the ALJ was not required to make the specific findings discussed in *Pfitzner*.

Further, in this case the ALJ thoroughly discussed the entire record in analyzing Mr. Beecher's RFC.  He considered the medical records from Mr. Beecher's right-knee arthroscopy and medial meniscectomy in 2006.  (Tr. 9)  He discussed the records from the consultative examination of John Dobbs, M.D., noting his diagnosis of lower back and right knee pain, and Dr. Dobbs's conclusion that Mr. Beecher would have mild limitations with lifting and carrying.  (Tr. 9-10)

He referenced the records of David Arnold, M.D., a back specialist who treated Mr. Beecher in September, 2007.  The ALJ noted that Dr. Arnold diagnosed Mr. Beecher with multi-level degenerative disc disease and a stated a  scan of the lumbar spine showed degenerative disc disease at L4-L5 and L5-S1 with minimal facet arthropathy.  (Tr. 10)  The ALJ pointed out that, in spite of the diagnosis, Dr. Arnold did not believe that Mr. Beecher was a candidate for surgery and offered him treatment with injections and physical therapy, which Mr. Beecher declined.  (Tr. 10)

The ALJ also discussed Mr. Beecher's treatment for depression and anxiety in March and April of 2009.  He noted that Mr. Beecher was diagnosed with "depressive disorder (NOS)," but the psychologist noted Mr. Beecher was focused and had moderate decision-making capacity.  (Tr. 10)

Finally, the ALJ discussed the report of Patricia A. Knotts, M.D., a certified medical examiner and orthopedist who evaluated Mr. Beecher on June 18, 2009.  The ALJ discussed Dr. Knotts's report at length and gave specific reasons for giving it significant weight but questioning her opinion's inconsistency with Mr. Beecher's reported daily activities.  (Tr. 10-11, 15)

In addition to the medical records, the ALJ states that he carefully considered the "entire record" which includes Mr. Beecher's testimony at the hearing and responses to the Commissioner's survey questionnaires.  (Tr. 9)  The ALJ analyzed Mr. Beecher's subjective complaints of disabling pain under the factors set forth in *Polaski v. Heckler*, 751 F.2d 943 (8th Cir. 1984), 20 C.F.R. 404.1529(c), and SSR 96-7p.  (Tr. 13-15)  The ALJ's analysis of Mr. Beecher's residual functional capacity was not "merely conclusory."

C.      *The ALJ's Duty to Develop the Record*

Mr. Beecher claims that when finding that his mental impairment did not meet Listing 12.04, Social Security Ruling "SSR 96-6p" required that the ALJ obtain a medical opinion from a state agency psychological consultant as to whether his impairment is equivalent to a Listing.  (#10 at p.9)

It is the ALJ's duty to develop the record fully and fairly.  *Snead v. Barnhart*, 360 F.3d 834, 836-37 (8th Cir. 2004).  A plaintiff seeking to show that the record has been inadequately developed by the ALJ must show "both a failure to develop necessary

evidence and unfairness or prejudice from that failure." *Combs v.. Astrue*, 243 Fed.

Appx. 200, 204 (8th Cir. 2007) (citing *Haley v. Massanari*, 258 F.3d 742, 749-50 (8th

Cir. 2001)).

In this case, Mr. Beecher did not initially claim he was disabled due to a mental

impairment.  Accordingly, a state agency psychologist was not consulted when the

Commissioner reviewed Mr. Beecher's claim at the initial and reconsideration levels.  At

the hearing, Mr. Beecher testified that he "had depression pretty much most of my life"

and that he recently had begun seeing a psychologist.  (Tr. 21, 32)  At the time of the

hearing, however, Mr. Beecher had not submitted any documentation from his treatment

with the psychologist for inclusion in the record.  At Mr. Beecher's counsel's request, the

ALJ held the record open for two weeks after the hearing so that he could provide the

treatment records.  (Tr. 21)

After the hearing, Mr. Beecher supplemented the record with documentation of his

treatment at the Rice-Lewis Clinic in March and April, 2009.  The documents indicate

that Charles L. Lewis, M.D., completed a mental evaluation of Mr. Beecher on March 23,

2009.  At the evaluation, Mr. Beecher claimed to have had symptoms of depression for

"years" that had become "worse" the past three years.  (Tr. 226)   The clinic's "Life

History Questionnaire" asked Mr. Beecher for his psychiatric history, "including any

previous counseling and medications."  He responded:

> One recent visit to get evaluated for disability claims but he determined
> because lots of those problems were related to physical pain that I'm

constantly in due to medical condition that no more sessions would help.
But I believe there is more to my problem than pain so probably approached
that the wrong way and should have given him more information . . .

(Tr. 228)  Dr. Lewis diagnosed Mr. Beecher with depressive disorder not otherwise

specified, and prescribed medication.  (Tr. 226)

On April 6, 2009, Mr. Beecher returned to the clinic.  Dr. Lewis noted that Mr.

Beecher's status had "markedly improved."  (Tr. 225)  Mr. Beecher was asked to return to

the clinic in four weeks.  (Tr. 225)  There is no indication in the record that Mr. Beecher

returned to the Clinic for treatment.

Mr. Beecher claims the ALJ should have obtained an opinion from a state agency

psychological consultant as to his psychological condition after he submitted additional

medical records.  Mr. Beecher relies on Social Security Ruling (SSR) 96-6p, which states:

> [A]n administrative law judge or the Appeals Council is not bound by a
> finding by a State agency medical or psychological consultant or other
> program physician or psychologist as to whether an individual's
> impairment(s) is equivalent in severity to any impairment in the Listing of
> Impairments.  However, longstanding policy requires that the judgment of a
> physician (or psychologist) designated by the Commissioner on the issue of
> equivalence on the evidence before the administrative law judge or the
> Appeals Council must be received into the record as expert opinion
> evidence and given appropriate weight....
>
> [A]n administrative law judge and the Appeals Council must obtain an
> updated medical opinion from a medical expert ... [w]hen additional
> medical evidence is received that in the opinion of the administrative law
> judge . . . may change the State agency medical or psychological
> consultant's finding that the impairment(s) is not equivalent in severity to
> any impairment in the Listing of Impairments.

SSR 96-6p, 1996 WL 374180, (July 2, 1996).

8

Mr. Beecher claims that under SSR 96-6p, the submission of additional evidence to the ALJ required him to obtain the opinion of a state agency psychological consultant on whether Mr. Beecher met Listing 12.04.[3]  Mr. Beecher's reliance on SSR 96-6p is misplaced for two reasons.  First, SSR 96-6p addresses the weight an ALJ must give a state agency physician's opinion on the issue of equivalence if such an opinion is received into evidence.  See *Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 978 (8th Cir. 2003) ("the ruling requires the ALJ to accept findings made by a physician 'designated by the Commissioner' as expert opinion evidence").  In this case, a state agency psychologist had not offered an opinion on the issue of equivalence, because Mr. Beecher did not claim a mental impairment until the hearing.

Second, SSR 96-6p does not require the ALJ to obtain a new opinion from a state agency medical consultant unless he finds that the additional evidence received would change the consultant's finding on whether the impairment is equivalent to a Listing.  See *Piper v. Astrue*, No. 06-3802, 2008 WL 3368907, at *16 (D.Minn. Aug. 8, 2008) (citing

---

[3]The Court has not found, nor has the Plaintiff cited to any Eighth Circuit case interpreting SSR 96-6p to require that an ALJ obtain the opinion of a state agency consultant on whether a claimant meets a Listing in cases where the impairment is not alleged until the hearing. The Court is aware, however, that courts in the Eastern District of Pennsylvania have held that "[w]here the record as it exists at the time of the administrative hearing fairly raises the question of whether a claimant's impairment is equivalent to a listing, a medical expert should evaluate it." *Maniaci v. Apfel*, 27 F.Supp.2d 554, 557 (E.D.Pa.1998); see also *Schwartz v. Halter*, 134 F.Supp.2d 640, 659 (E.D.Pa.2001)("a physician or psychologist designated by the Commissioner must give an opinion, based on the evidence, on the issue of equivalence; such opinion must be received into the record as expert opinion evidence; and the ALJ must give it appropriate weight").

*Nelson v. Astrue*, No. 06-4298, 2008 WL 822157, at *19 (D.Minn. Mar. 26, 2008); *Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 978-79 (8th Cir. 2003)).  Here, the ALJ received and evaluated the additional records before making his decision and concluded that, even with the additional records, Mr. Beecher did not meet a Listing.[4]

The ALJ carefully analyzed Mr. Beecher's mental impairment under the requirements of the Psychiatric Review Technique Form and Listing 12.04.  Agency regulations require the ALJ to use the "special technique" dictated by the form when evaluating mental impairments. 20 C.F.R. § 404.1520a-(a).  The ALJ evaluated how Mr. Beecher's mental impairment affected him in four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation."  20 C.F.R. § 404.1520a-(c)(3-4).

The ALJ found, based on Mr. Beecher's testimony and function reports, that he has mild restrictions in his activities of daily living.  (Tr. 11)  He found that, while Mr. Beecher has some limitations due to his mental impairment, he had only moderate difficulties in social functioning.  Mr. Beecher reported being able to socialize with friends and family, shop in stores, following instructions; and he did not report having difficulty getting along with others.  (Tr. 12)  The ALJ found that Mr. Beecher had moderate difficulties in maintaining concentration, persistence, and pace, based on his

---

[4]In order to establish that his impairment matches a Listing, Mr. Beecher "must meet all of the specified medical criteria" for that Listing.  *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885 (1990).  A diagnosis alone does not establish that a Listing has been met.  *Harris v. Barnhart*, 356 F.3d 926, 929 (8th Cir. 2004); 20 C.F.R. § 404.1525(d).

hearing testimony and reports that he was able to cook simple meals, manage his finances,

shop in stores, mow the lawn, perform minor household repairs, and read.  Further, the

ALJ noted Dr. Lewis's report that in spite of Mr. Beecher's claims of inability to

concentrate and suicidal ideation, Mr. Beecher had only moderate limitations in his

decision making ability.  (Tr. 12)

Finally, the ALJ noted that Mr. Beecher had not experienced any episodes of

decompensation of extended duration.  (Tr. 12)   The ALJ concluded that because Mr.

Beecher's mental impairment had not caused "marked" limitations or one "marked"

limitation and "repeated" episodes of decompensation of extended duration, Mr.

Beecher's impairment did not satisfy the "paragraph B" criteria of Listing 12.04. [5]  (Tr.

12)

The ALJ also analyzed whether Mr. Beecher met the "paragraph C" criteria of

Listing 12.04.[5]  He noted that Mr. Beecher had the ability to function independently

---

[5]To satisfy the "paragraph B" criteria of Listing 12.04, Mr. Beecher must establish:
"1. Marked restriction of activities of daily living; or 2. Marked difficulties in maintaining
social functioning; or 3. Marked difficulties in maintaining concentration, persistence, or
pace; or 4. Repeated episodes of decompensation, each of extended duration."  20 C.F.R.,
Pt. 404, Subpt. P, App. 1 § 12.04(B).

[5]To satisfy the paragraph C criteria of Listing 12.04, Plaintiff must show:

"Medically documented history of a chronic affective disorder of at least 2
years' duration that has caused more than a minimal limitation of ability to
do basic work activities, with symptoms or signs currently attenuated by
medication or psychosocial support, and one of the following:

1. Repeated episodes of decompensation, each of extended duration; or

outside of his home, and there was no indication in the record of any episodes of decompensation documented.  (Tr. 12)   At the hearing, Mr. Beecher testified that he had not ever been institutionalized for a mental impairment, and there was no indication that any physician had ever recommended Mr. Beecher for a highly supportive living arrangement.  (Tr. 33)

In order to meet Listing 12.04, Mr. Beecher must meet the requirements in both paragraphs A and B or paragraph C.  Plaintiff does not specifically state how he meets the criteria of any paragraph of Listing 12.04.  Even assuming Plaintiff could meet the paragraph A criteria of Listing 12.04, there is substantial evidence to support the ALJ's conclusion that Mr. Beecher did not have marked difficulties in two areas or repeated episodes of decompensation to satisfy the paragraph B criteria.  Moreover, as set forth above, there is ample support for the ALJ's conclusion that Mr. Beecher's mental impairment did not satisfy the paragraph C criteria of Listing 12.04.

Mr. Beecher asserts, "evidence in the record suggests that his disability was much more severe, and has existed long before the treatment was begun."  There is little

---

2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement."

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04(C).

evidence, aside from Mr. Beecher's own allegations of a long history of depression.  Mr.

Beecher did not seek treatment for depression until March, 2009, and at that time he

indicated he had no history of psychiatric treatment prior to his application for disability.

(Tr. 14, 225-31)  See *Casey v. Astrue*, 503 F.3d 687, 693 (8th Cir. 2007) (considering the

plaintiff's failure to seek regular medical treatment was appropriate when determining

whether to discount the opinion of a treating physician) (citing *Comstock v. Chater*, 91

F.3d 1143, 1147 (8th Cir. 1996)).

Mr. Beecher claims his impairment was severe because he reported having

persistent thoughts about suicide, outbursts of anger, increased crying, and general

anxiety; but the record indicates that after receiving medication for depression, his

condition improved.  (Tr. 225)  See *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010)

(an impairment controlled by treatment or medication cannot be considered disabling)

(quoting *Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009)).  Further, Mr. Beecher

testified that on days when he cannot function, it is because of his physical problems not

his depression.  (Tr. 32-33)

Mr. Beecher was not prejudiced by the ALJ's decision not to seek additional

evidence regarding his mental impairment, and there is substantial evidence to support the

ALJ's conclusion that Mr. Beecher did not meet Listing 12.04.  See *Stormo v. Barnhart*,

377 F.3d 801, 806 (8th Cir. 2004) (an ALJ does not have to seek additional clarifying

statements from a treating physician unless a crucial issue is undeveloped) (citing *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004)).

**V.**     **Conclusion:**

There is sufficient evidence in the record as a whole to support the Commissioner's determination that Boyd M. Beecher was not disabled within the meaning of the Act.  Accordingly, his appeal is DENIED, and the Clerk is directed to close the case, this 7th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE